UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

XEROX CORPORATION,

                                 Plaintiff,

                                                                                             DECISION AND ORDER

                                                                                            12-CV-6404L

                                 v.

PRINT & MAIL BY MORRELL, INC.,et al.,

                                 Defendants.
_____

**INTRODUCTION**

       Plaintiff Xerox Corporation ("Xerox") commenced this action alleging breach of contract and conversion against defendants Print & Mail by Morrell, Inc. ("P&M") and Kim Morrell ("Morrell"), P&M's owner and operator (collectively "defendants").  Xerox seeks a money judgment against P&M for its default on payments under two finance lease agreements for printing equipment, as well as its conversion of the leased equipment, and against Morrell for his material breach and default under a guaranty agreement whereby he personally guaranteed payment of P&M's financial obligations to Xerox. (Dkt. #1). Defendants filed an answer disputing Xerox's allegations, and asserting a counterclaim for tortious interference with contract. (Dkt. #11).

       P&M and Morrell were initially represented by counsel. On June 27, 2013, the Court granted a motion by defendants' counsel to withdraw from the matter, instructed P&M that corporations are required to be represented by counsel, and allotted 30 days for P&M to retain a new attorney. (Dkt. #25). *See generally Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (a corporation must be represented by an attorney). No new counsel has appeared and P&M has offered no explanation for its failure to obtain new counsel. Xerox now moves for summary judgment

awarding it money damages against the defendants, and dismissing defendants' counterclaim. Despite ample notice and opportunity to respond over the course of six months, the defendants have not opposed that motion. For the reasons set forth below, the motion is granted.

**UNDISPUTED FACTS**

P&M entered into two finance lease agreements with Xerox, one in June 2007 (modified in July 208) and one in May 2011. Under the lease agreements, P&M leased printing equipment and software in exchange for monthly payments and "print charges" throughout the sixty-month term of each lease, with the option to purchase the equipment at the end of the lease term. The lease agreements further provided that in the event of P&M's default, the equipment was to be returned to Xerox and P&M would immediately be required to pay, as liquidated damages and not as a penalty, the total of all amounts then due under the lease, plus interest, as well as the remaining payments due for the remainder of the term, a disengagement fee or the value of any associated equipment purchase option, and all applicable taxes. Each agreement further stated that in the event of default, P&M would be responsible for Xerox's reasonable resultant costs, including attorneys fees.

In May 2011, Morrell executed a personal Guaranty in consideration for Xerox's extension of a line of credit to P&M in connection with the lease agreements. The Guaranty states that Morrell "unconditionally guarantees to Xerox payment at maturity or by acceleration of all Obligations that [P&M] owes to Xerox, now and in the future," and further guarantees payment of all attorneys' fees, costs, and expenses incurred by Xerox to enforce the Guaranty and/or the lease agreements. (Dkt. #29-2 at Exh. G).

It is undisputed that Xerox duly delivered and installed all of the agreed-upon equipment at P&M's designated location, pursuant to the lease agreements. However, after a few months, P&M defaulted on its payments under both of the lease agreements. Despite repeated demands and invoices from Xerox, P&M has not submitted payments under the July 2008 lease agreement since

March 2012, and has not submitted any payments under the May 2011 lease agreement since January 2012. In the meantime, Morrell has not made any payments to Xerox on P&M's behalf.

The complaint and the instant motion seek damages for breach of contract, representing the total of: (1) unpaid "amounts due" under the leases (after setoffs are applied, $32,612.47 under the July 2008 lease agreement and $269,915.66 under the May 2011 lease agreement, for a total of $302,528.13). Xerox also seeks its attorneys fees, costs and taxable disbursements spent in connection with the instant lawsuit, which currently total $47,427.86.

## MOTION FOR SUMMARY JUDGMENT

Rule 56(c) provides that a moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court's role in determining a motion for summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* When considering a motion for summary judgment, the Court must draw inferences from underlying facts "in the light most favorable to the [non-moving] party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the defendants have not opposed the present motion, the Court notes that "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vermont Teddy Bear Co. v. 1-800-Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004). As such, the Court will proceed to examine whether the undisputed facts and evidence demonstrate Xerox's entitlement to the judgment it seeks.

Xerox has supported its statement of undisputed facts with documentary evidence, including copies of the lease agreements and the Guaranty which set forth the parties' obligations, copies of invoices from Xerox to P&M for past-due monthly payments and unpaid metered "print charges"

under the lease agreements, and affidavits from Ann Battle, a Xerox executive who was principally responsible for communicating with the defendants concerning the lease agreements and the Guaranty on behalf of Xerox, and Sarah Nicholson-Read, a Xerox Recovery Department employee in charge of maintaining custody of Xerox's contracts, including the lease agreements and Guaranty.

The submitted evidence and testimony appear credible, and neither the defendants nor the Court's perusal of the record have raised any question of fact with regard to Xerox's proof that P&M entered into the lease agreements and that Morrell signed the Guaranty, that Xerox performed its obligations under the lease agreements to provide copying equipment and related services to P&M, that P&M breached its obligations when it stopped making payments under the lease agreements, that Xerox was harmed thereby, that Xerox is entitled to the past-due amounts and other damages it seeks from P&M pursuant to the lease agreements, and that Morrell assumed personal liability for P&M's debts. As such, Xerox has established a prima facie case of breach of contract. Despite adequate notice of the instant motion for summary judgment against them (Dkt. #30) and explicit instructions from the Court that P&M needed to retain counsel in order to proceed or else risk a default judgment against it (Dkt. #25, #27), the defendants have failed to offer any response or objection to the instant motion (with or without counsel), or to offer evidence to support any of their affirmative defenses or their counterclaim.[1]

While the amount of damages sought is substantial, they are supported by Xerox's business records and sworn testimony, and no question of fact has been raised to dispute those damages. *See generally Nwagboli v. Teamwork Transp. Corp.*, 2009 U.S. Dist. LEXIS 121893 at *6 (S.D.N.Y. 2009) (breach of contract damages may be awarded without a hearing where the damages amount is "susceptible to mathematical computation"). In fact, the Court notes that Xerox has requested less

---

[1] Indeed, it would appear that the defendants' counterclaim is subject to dismissal on the alternative grounds of failure to prosecute. Defendants have neither appeared nor participated in this action since defendants' counsel withdrew on or about June 27, 2013. Since then, despite due notice, Morrell has repeatedly failed to appear for any of the scheduled proceedings in this case. (Dkt. #27, #31).

than the full measure of damages it might otherwise have claimed under the agreements, by not requesting an award representing the fair market value of the equipment leased under the May 2011 lease agreement. Accordingly, the Court finds that an award of summary judgment in favor of Xerox is appropriate.

## CONCLUSION

For the reasons discussed above, Xerox's motion for summary judgment (Dkt. #29) is granted on its breach of contract claims, and defendants' counterclaim against Xerox is dismissed. Xerox is awarded damages in the amount of $32,612.47 on the July 2008 lease agreement and $269,915.66 on the May 2011 lease agreement (for a total of $302,528.13), plus prejudgment interest, calculated at the rate of 9% per annum from June 1, 2013 (a "reasonable intermediate date" with respect to the accrual of the claims), to the date of entry of this Order. *See* N.Y. CPLR §§5001, 5004; *Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83, 91 (2d Cir. 1998) (where contractual damages arose on many occasions over time, Court may opt to fix a "reasonable intermediate date" from which to calculate prejudgment interest). Such interest adds up to $20,420.65, for a total compensatory damages figure of $322,948.78. Xerox's request for an additional award of $350.00 in costs is granted pursuant to Fed. R. Civ. Proc. 54(d) ("[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party"). Xerox's request for expenses in the amount of $871.86 and $42,206.00 in reasonable attorneys' fees (representing plaintiff's engagement in factual discovery, mediation, settlement negotiations, and status conferences) is also granted. Xerox is accordingly awarded total damages of $366,376.64.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 27, 2014.